No. 574

First Circuit

PEOPLE'S BANK & TRUST CO. v. DUPONT

(March 5, 1930. Opinion and Decree.)

Ellender & Ellender, of Houma, attorneys for plaintiff, appellee.

Wurzlow & Watkins, of Houma, attorneys for defendant, appellant.

ELLIOTT, J. People's Bank & Trust Company, in liquidation, acting through the state bank commissioner, claims of Mrs. Esperance Dupont, widow of Alphonse Du-

pont, $1,000 on a note, with interest and attorney's fees.

The suit was filed in May, 1927. The note bears date November 16, 1921, and is payable three months after date to the order of the People's Bank & Trust Company. Credit indorsements appear on its back for $21.25, dated February 16, 1922; another for $15.09 under date of January 2, 1926, with a further statement which reads: "Extended to January 2nd 1926, secured by two mortgage notes of Joseph L. Ane for $500.00 each, $1,000.00."

The defense is that the note sued on had long since been paid; that it had never been returned to defendant; that the bank kept it in its portfolio for the purpose of bolstering up its assets, in violation of its duty, after payment; that the defendant never made the partial payments written on the back of said note, and never paid any interest thereon.

As for the mortgage note of Joseph L. Ane, said in the petition to be held as security, she alleges that she never owned the Ane notes, and could not have pledged them to the plaintiff; that the indorsements which the note appears to bear on its back are fraudulent; that the note, if not paid, is barred by prescription of five years, and this prescription is alternatively pleaded.

The evidence of a witness in favor of the bank is that the note was found in its portfolio with indorsements thereon, and the Joseph L. Ane note attached as security, all as alleged in the petition; that the bank books show no evidence of the note having been paid.

The defendant supports her averments by testimony that the note was paid; that the indorsements on its back were unauthorized and were a forgery; that the Joseph L. Ane notes represented a sale of community property, in which her interest was one-half, the other interest belonging to her children; that the Ane notes were deposited in the bank, but were not pledged to the bank. The testimony of the defendant is corroborated by one of her sons, also by facts and circumstances indicating that this note must have been paid.

The agent of the bank admitted that the bank books showed that the plaintiff had paid to the bank a note of $15,000 since the note sued on had been executed. It was admitted that the writing appearing on the back of the note was that of the former cashier. The trial judge states in his reasons for judgment that this former cashier had been charged with serious irregularities in his administration of the affairs of the bank, convicted of embezzlement, and was, at the time, serving sentence on said account.

The lower court was inclined to the belief that the note sued on had been paid, but held that, if it had not been, it was prescribed, and sustained the plea of prescription.

We are satisfied that the note sued on had been paid. We agree with the district judge, however, that, if it was not paid, the indorsements on its back were unauthorized and fraudulent, and the note prescribed.

The plaintiff's demand was properly rejected.

Judgment affirmed; plaintiff and appellant to pay the cost in both courts.

LECHE, J., not participating.